UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

JESUS GONZALEZ,

Plaintiff,

v.

BIRD THIRTEEN, LLC and
UPATA RESTAURANT GROUP, LLC,

Defendants.

CASE NO.: 1:26-cv-26890-KMW

**DEFENDANT UPATA RESTAURANT GROUP, LLC'S MOTION TO DISMISS, MOTION TO STRIKE, AND ALTERNATIVE MOTION FOR MORE DEFINITE STATEMENT, WITH INCORPORATED MEMORANDUM OF LAW**

Defendant, UPATA RESTAURANT GROUP, LLC ("Upata"), by and through its undersigned counsel, and pursuant to Fed. R. Civ. P. 12(b)(6), 12(e), and 12(f) and S.D. Fla. L.R. 7.1, hereby files this Motion to Dismiss, Motion to Strike, and Alternative Motion for More Definite Statement directed to the Complaint [DE 1] filed by Plaintiff, JESUS GONZALEZ ("Plaintiff"), and in support thereof states as follows:

## I. INTRODUCTION.

1. This is an action for injunctive relief under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"). Plaintiff alleges that he is paraplegic, that he uses a wheelchair, and that during a single visit on or about June 28, 2026, he encountered architectural barriers at a shopping center owned by Defendant Bird Thirteen, LLC ("Bird Thirteen") and at KOW Comfort Restaurant, which Upata operates. [DE 1 ¶¶ 4, 6, 12, 16].

2. This Motion is limited in scope. Upata does not ask the Court, at the pleading stage, to adjudicate the seating, bar-counter, and restroom conditions listed in paragraph 28 of Count II.

Upata asks the Court to (a) dismiss the auxiliary-aids and policy-modification theories that Plaintiff attaches to the Complaint in paragraph 31 and in the prayer for relief, which are not supported by a single factual allegation; and (b) strike or limit the undifferentiated "Relief Sought" section (¶¶ 29–35), which seeks relief against "Defendants" collectively, including alteration of the shopping center's walkways and paths of travel that are the subject of Count I, a count that is not asserted against Upata.

## II. BACKGROUND.

3. Plaintiff filed his Complaint on October 1, 2026. [DE 1].

4. The Complaint pleads two counts. Count I, captioned "ADA Violations as to Defendant, Bird Thirteen, LLC," is directed solely at Bird Thirteen and concerns parking, entrance access, and the paths of travel of the Commercial Property. [DE 1 ¶¶ 25–26]. Count II, directed at Bird Thirteen and Upata, lists alleged conditions involving seating, a bar counter, and the public restrooms. [*Id.* ¶¶ 27–28]. The Complaint separately alleges that Bird Thirteen "owns, operates, and oversees" the Commercial Property, its parking, and "all common areas, walkways, and paths of travel." [*Id.* ¶ 15].

5. Following Count II, the Complaint contains a section captioned "Relief Sought and the Basis" (¶¶ 29–35) that is not tied to either count and refers to "Defendants" collectively. In paragraph 31, Plaintiff alleges in general terms that Defendants continue to discriminate "by failing to make reasonable modifications in policies, practices or procedures," and by failing to take steps to ensure that no individual with a disability is treated differently "because of the absence of auxiliary aids and services." [*Id.* ¶ 31]. Paragraph 35 asks the Court to order alteration of "the interiors, exterior areas, including the walkways and paths of travel of the Commercial Property,"

or to close the facility. [*Id.* ¶ 35]. The prayer for relief likewise asks the Court to require Defendants to make reasonable modifications in policies, practices, or procedures. [*Id.* at 12].

6. The Complaint does not identify any policy, practice, or procedure of Upata; any modification that Plaintiff requested; any auxiliary aid or service that was absent; or any communication-related impairment. The only disability alleged is paraplegia that requires Plaintiff to use a wheelchair. [*Id.* ¶ 12].

7. The Complaint is also internally inconsistent as to location. It alleges that Upata's restaurant is located at 14429 SW 42nd Street [*Id.* ¶ 6], but that the place of public accommodation that both Defendants "own, control and operate" is located at 14491 SW 42nd Street, the address of the Commercial Property. [*Id.* ¶¶ 4, 20].

## III. STATEMENT REGARDING SEPARATE FILING.

8. The Court's Order of Referral and Notice of Court Practices and Procedures in ADA Cases requires multiple defendants to file joint motions "unless there are clear conflicts of position," and requires parties filing separately to explain the conflicts. [DE 5 § III].

9. Such a conflict exists here. On November 6, 2026, Plaintiff and Bird Thirteen filed a Joint Notice of Settlement advising that they have reached an agreement to settle and requesting that the Court vacate all dates and deadlines. [DE 15]. Upata did not join that Notice and is not a party to the settlement it describes. Bird Thirteen therefore has no present reason to challenge the Complaint, while Upata must respond to it. In addition, Count I is asserted against Bird Thirteen alone, and this Motion addresses only the theories and relief asserted against Upata. Upata therefore files this Motion separately.

## IV. MEMORANDUM OF LAW.

### A. PLEADING STANDARD.

10. Fed. R. Civ. P. 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

11. A complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

### B. THE AUXILIARY-AIDS THEORY MUST BE DISMISSED BECAUSE PLAINTIFF ALLEGES NO COMMUNICATION-RELATED DISABILITY AND NO DENIAL OF ANY AID OR SERVICE.

12. Title III defines discrimination in several distinct ways. It includes "a failure to make reasonable modifications in policies, practices, or procedures" when necessary, 42 U.S.C. § 12182(b)(2)(A)(ii); "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services," *id.* § 12182(b)(2)(A)(iii); and "a failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable," *id.* § 12182(b)(2)(A)(iv). Each is a separate theory with its own factual predicate.

13. The auxiliary-aids obligation is a communication obligation. The ADA defines "auxiliary aids and services" to include:

> (A) qualified interpreters or other effective methods of making aurally delivered materials available to individuals with hearing impairments; (B) qualified readers, taped texts, or other effective methods of making visually delivered materials available to individuals with visual impairments; (C) acquisition or modification of equipment or devices; and (D) other similar services and actions.

42 U.S.C. § 12103(1). The implementing regulation confirms the point: "A public accommodation shall furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities." 28 C.F.R. § 36.303(c)(1).

14. The Complaint pleads none of the facts on which this theory depends. Plaintiff alleges a mobility impairment only. [DE 1 ¶ 12]. He does not allege a hearing, vision, or speech impairment; he does not allege that he requested any aid or service from Upata; and he does not allege any communication that failed for lack of one. Every concrete allegation against Upata concerns the physical features of the restaurant. [*Id.* ¶ 28]. Paragraph 31 simply paraphrases § 12182(b)(2)(A)(iii). That is the "formulaic recitation of the elements" that *Twombly* holds insufficient. 550 U.S. at 555.

15. Because the Complaint alleges no facts that could support an auxiliary-aids claim against Upata, that theory should be dismissed.

### C. THE POLICY-MODIFICATION THEORY MUST BE DISMISSED BECAUSE PLAINTIFF IDENTIFIES NO POLICY, NO REQUESTED MODIFICATION, AND NO DENIAL.

16. A policy-modification claim under 42 U.S.C. § 12182(b)(2)(A)(ii) and 28 C.F.R. § 36.302(a) is distinct from a barrier-removal claim. It requires a policy, practice, or procedure of the defendant, a modification of that policy that the plaintiff requested, and a showing that the

modification is reasonable and necessary. *See Johnson v. Gambrinus Co./Spoetzl Brewery*, 116 F.3d 1052, 1059 (5th Cir. 1997) (plaintiff bears the burden of proving that a modification was requested and that the requested modification is reasonable).

17. The Complaint does not identify any policy, practice, or procedure of Upata, any modification Plaintiff asked Upata to make, or any refusal by Upata. Paragraph 31 again recites the statutory language and nothing more. Plaintiff's architectural-barrier allegations do not fill that gap: they are pleaded as barrier-removal violations of the ADA Standards, each followed by the allegation that its "resolution is readily achievable," which is the language of § 12182(b)(2)(A)(iv), not § 12182(b)(2)(A)(ii). [DE 1 ¶ 28].

18. The allegation that a trash can obstructs the clear floor space beside the toilet [*Id.* ¶ 28(B)(v)] does not change the analysis. It is pleaded as a violation of Section 604.3 of the 2010 ADA Standards and 28 C.F.R. § 36.211, not as a policy that Plaintiff asked Upata to modify. Upata does not seek dismissal of that allegation by this Motion.

19. Accordingly, the policy-modification theory in paragraph 31, and the corresponding request in the prayer for relief, should be dismissed as to Upata.

## D. THE "RELIEF SOUGHT" SECTION SHOULD BE STRICKEN OR LIMITED AS TO UPATA BECAUSE IT GROUPS THE DEFENDANTS TOGETHER AND SEEKS COUNT I RELIEF AGAINST A DEFENDANT NOT NAMED IN COUNT I.

20. The Eleventh Circuit has identified, as one category of impermissible pleading, "the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323

(11th Cir. 2015). The common defect of such pleadings is that they fail to give each defendant adequate notice of the claims against it and the grounds on which each claim rests. *Id.*

21. Paragraphs 29 through 35 present that problem. They follow both counts, belong to neither, and seek relief against "Defendants" without distinction. Paragraph 35 asks the Court to order alteration of the "exterior areas, including the walkways and paths of travel of the Commercial Property," or to close the facility. [DE 1 ¶ 35]. Those are the very conditions alleged in Count I, which is asserted against Bird Thirteen alone, and which concern areas that Plaintiff alleges Bird Thirteen "owns, operates, and oversees." [*Id.* ¶¶ 15, 25–26]. Paragraph 22 adds that Bird Thirteen is liable "for all the violations listed in this Complaint." [*Id.* ¶ 22]. As pleaded, Upata cannot determine whether Plaintiff seeks an injunction compelling Upata to alter common areas that Upata is not alleged to own or control.

22. Under Fed. R. Civ. P. 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Relief sought against Upata on a count not asserted against Upata is immaterial as to Upata. The Court should therefore strike paragraphs 29 through 35 to the extent they seek relief against Upata beyond the conditions alleged in paragraph 28 of Count II, or, alternatively, direct Plaintiff to replead and specify the relief sought against each Defendant.

## **E. ALTERNATIVELY, PLAINTIFF SHOULD BE REQUIRED TO PROVIDE A MORE DEFINITE STATEMENT.**

23. A party "may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The motion "must point out the defects complained of and the details desired." *Id.*

24. If the Court declines to dismiss the auxiliary-aids and policy-modification theories or to strike the "Relief Sought" section as to Upata, Upata requests that Plaintiff be required to identify: (a) each policy, practice, or procedure of Upata that Plaintiff challenges and the modification he requested; (b) each auxiliary aid or service alleged to have been absent and the communication for which it was needed; (c) the specific relief sought against Upata, as distinct from Bird Thirteen; and (d) the address of the place of public accommodation that Upata is alleged to operate. Upata does not seek a more definite statement of the architectural-barrier conditions listed in paragraph 28.

## V. RESERVATION OF DEFENSES.

25. Pursuant to Fed. R. Civ. P. 12(a)(4)(A), Upata will serve its responsive pleading to the remaining allegations of the Complaint within fourteen (14) days after notice of the Court's ruling on this Motion. Upata expressly reserves all defenses, including lack of Article III standing and mootness, which may be raised at any time under Fed. R. Civ. P. 12(h)(3), and the defenses preserved by Fed. R. Civ. P. 12(h)(2).

**WHEREFORE**, Defendant, UPATA RESTAURANT GROUP, LLC, respectfully requests that this Honorable Court enter an Order: (i) dismissing, as to Upata, the auxiliary-aids and policy-modification theories asserted in paragraph 31 of the Complaint and in the prayer for relief; (ii) striking paragraphs 29 through 35 of the Complaint to the extent they seek relief against Upata beyond the conditions alleged in paragraph 28 of Count II, including the request in paragraph 35 for alteration of the Commercial Property's exterior areas, walkways, and paths of travel and for closure of the facility; (iii) alternatively, requiring Plaintiff to provide a more definite statement as set forth in Section IV.E above; and (iv) granting such further relief as this Honorable Court deems just and proper.

Respectfully submitted,

SANTIAGO LEGAL, PLLC
Counsel for Defendant Upata Restaurant Group, LLC
2760 Palm Ave., Suite 101-B
Hialeah, Florida 33010-1778
Telephone: (786) 376-6644
Primary Email: ysantiago@santiagolegal.net

By: /s/ Yadel Santiago Torres
Yadel Santiago Torres, Esq.
Florida Bar No. 1022907

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 11, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Yadel Santiago Torres
Yadel Santiago Torres, Esq.