**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 1:26-cv-26890-KMW

JESUS GONZALEZ,

Plaintiff,

v.

BIRD THIRTEEN, LLC and
UPATA RESTAURANT GROUP, LLC,

Defendants.

______________________________________/

**RESPONSE IN OPPOSITION TO DEFENDANT UPATA RESTAURANT GROUP, LLC'S MOTION TO DISMISS [D.E. 16]**

Plaintiff, JESUS GONZALEZ, (hereinafter "Plaintiff" or "Mr. Gonzalez") hereby files his Response in Opposition to Defendant, UPATA RESTAURANT GROUP, LLC's (hereinafter "Defendant" or "UPATA")) Motion to Dismiss [D.E. 16], and in opposition states as follows:

**INTRODUCTION**

The Plaintiff brought this action alleging violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"). Plaintiff, Gonzalez, is an individual with numerous disabilities, amongst other things, a paraplegic and is therefore limited in major life activities by such, including but not limited to not being able to walk or stand. [D.E. 1, ¶ 12].

As a preliminary matter, Defendant failed to confer with Plaintiff's counsel regarding the motion to strike portion of its filing. Defendant's motion does not include a pre-filing conference certificate pursuant to Local Rule 7.1(a)(3) because Defendant failed to conduct any pre-filing conference. While motions to dismiss failure to state a claim are exempt from the requirements of 7.17.1(a)(3), motions to strike are not listed among the exceptions. The requirement to confer is

further reiterated in this Court's Practices and Procedures.

Defendant raises four (4) main arguments in its filing, (1) Defendant raises issues regarding auxiliary-aids; (2) Defendant takes issues with the language in Plaintiff's Complaint regarding policy modification including in the wherefore clause; (3) Defendant asks the Court to strike portions of Plaintiff's Complaint; and (4) Defendant requests that Plaintiff provide a more definitive statement. Defendants' motion is without merit and should be denied and Defendant ordered to file an Answer. Plaintiff will discuss each argument raised by Defendant in turn.

## ARGUMENT

### A. Auxiliary Aids

Plaintiff's Complaint mentions auxiliary aids exactly once in his Complaint. That reference is in paragraph 32 where Plaintiff reiterates the general responsibilities of places of public accommodation pursuant to the ADA. Defendant's own motion admits that this is a responsibility under the ADA. [D.E. 16, ¶12].

Nowhere in Plaintiff's Complaint does Plaintiff allege he suffers from a hearing, vision or speech impediment. Nowhere in Plaintiff's Complaint does he allege he encountered any such barrier at Defendant's place of public accommodation. Plaintiff does not reference any auxiliary aids or services in the wherefore clause/prayer for relief. Therefore, it is unclear why Defendant believes that Plaintiff is requesting any relief as to any auxiliary aids. Plaintiff's complaint simply has a general recitation of the general requirements under the ADA.

Defendant's motion cites to *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), for the proposition that the "formulaic recitation of the elements" is insufficient. Plaintiff agrees that *Twombly* stands for that proposition, but disagrees that it has any application here.

Plaintiff is not seeking any relief as to auxiliary aids, and at no point did Plaintiff even

allege that he encountered any barrier regarding auxiliary aids. [D.E. 1, ¶ 28]. Plaintiff individually lists out each barrier to access he encountered at Defendant's place of public accommodation in his Complaint and there is not a single mention of any hearing, speech or vision impairment. [D.E. 1, ¶ 28].

Defendant does not cite to anything in this section that supports the idea that a plaintiff cannot plead the general requirements of a statute in his complaint. *Twombly* is not applicable here because Plaintiff is not seeking any relief as to auxiliary services, therefore he has no burden to plead all the elements to relief he is not seeking.

Therefore, Defendant's motion to dismiss should be denied and Defendant must be ordered to file an answer.

**B. Modifications of Policy and Procedures**

Defendant also takes issue with Plaintiff's request in the wherefore clause/prayer for relief for the Defendant to modify Defendant's procedures and policies. The specific language in Plaintiff's Complaint is "…and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities…" [D.E. 1, Page 12].

Here, Plaintiff is seeking this relief. Plaintiff is requesting that Defendant modify its policies and procedure to ensure continued compliance with the ADA. At this stage of the litigation, it is not possible for Plaintiff to know Defendant's policies and procedures, if any. Therefore, plaintiff cannot possibly plead which policy needs to be modified, or if any policies even exist.

Defendant is well-aware that allegations in Plaintiff's Complaint involve policy

modification, in fact, Defendant even cites one by way of example in its motion. [D.E. 16, ¶ 18]. Defendant's own motion implicitly concedes there are allegations in Plaintiff's Complaint that would require policy modifications to properly and fully address.

For example, Plaintiff pleads in his Complaint that he could not transfer to the toilet because a trashcan obstructed the floor space. [D.E. 1, ¶ 28(A)(v). Without the benefit of discovery, Plaintiff cannot possibly know if Defendant even has a policy in place to prevent this barrier from continuing to occur. Without knowing whether a policy exists or what the policy says, Plaintiff cannot plead more specifically as to the modification.

Moreover, policies and procedures for ADA compliance are not simply limited to trashcan placement, but encompass other violations. For example, the lack of compliant seating as alleged in ¶ 28(A)(i) is also be an issue that requires a standardized policy for future compliance to avoid repeated violations in the future. The ADA does outline these violations, but without a policy in place for the employees to follow, there is a strong likelihood that these violations will continue to exist at the property.

Furthermore, Plaintiff is not seeking carte blanche to reinvent the Defendant's policies and procedures and the language used by Plaintiff makes it clear that Plaintiff is seeking this reasonable relief only as to situations "…when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations…" [D.E. 1, Page 12].

Moreover, to require Plaintiff to plead which policy and procedure he is requesting the Defendant modify would be to require Plaintiff to someway gain knowledge of the internal workings and policies of Defendant *prior* to filing his Complaint. A task that is clearly unreasonable and often impossible without the use of discovery. Moreover, such a requirement goes well beyond what is envisioned by Rule 8.

Plaintiff's Complaint is sufficiently specific, "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations omitted). Here, Plaintiff has provided sufficient detail and outlined each violation he countered at Defendant's property and even provided the precise section that each barrier violates. Plaintiff has sufficiently met his burden.

Defendant does not cite to a single case in this District that requires Plaintiff to plead any Requirement as to the specific policy change sought. Such a requirement goes well-outside Rule 8's mandate for a "short and plain statement." The issue of what policy requires modification is at best a factual issue which is improper at this stage and a subject which requires discovery. Plaintiff requires the benefit of discovery to learn what policies and procedures, if any, Defendant even has in place regarding the ADA before specific policies can be identified for modification.

At this juncture, it is clear that the burden of succeeding on a motion to dismiss is not met here. Defendant's own motion implicitly concedes that there are allegations in Plaintiff's Complaint which are affected by policies and procedures. Therefore, Defendant's arguments regarding this heightened pleading requirement are without merit and Defendant's motion must be denied.

### C. Relief Sought and the Basis Section

The last section of Plaintiff's Complaint is titled "relief sought and the basis." Defendant takes issue with paragraphs 29 through 35 claiming that the counts are improperly comingled.

As a preliminary matter, it seems that Defendant misread or misunderstood Plaintiff's Complaint. The section at issue is not Plaintiff's prayer for relief, in fact the section at issue is titled "relief sought and the basis." It appears that Defendant is purposefully ignoring the last three (3) words of the title in an effort to contrive support for its shaky position. Plaintiff's prayer for relief or wherefore clause is found after paragraph 35 and makes no mention of any exterior barriers or common areas. Moreover, the Defendant largely centers its arguments on paragraph 35 of Plaintiff's Complaint claiming that Plaintiff is requesting relief in that paragraph, when clearly that is not the case and a plain reading will demonstrate that Plaintiff is discussing the Court's authority and the basis of that authority. The paragraph at issue is included below for reference:

> Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff's Injunctive Relief, including an order to alter the property where Defendants operate their business, located at and/or within the Commercial Property(s) located 14491 SW 42nd St., Miami, FL 33175, the interiors, exterior areas, including the walkways and paths of travel of the Commercial Property, and business named as Defendant herein, to make those facilities readily accessible and useable to the Plaintiff; or by closing the facility until such time as the Defendants cure the violations of the ADA.

D.E. 1, ¶ 35.

Defendant's motion is confusing; it purports to be pursuant to "Fed. R. Civ. P. 12(b)(6), 12(e), and 12(f) and S.D. Fla. L.R. 7.1" but in this section it seemingly argues a motion for dismissal under Rules 8(a)(2) and 10(b). The sole case cited by Defendant does not even analyze motions to strike under Rule 12(f) but focuses on dismissal pursuant to Rules 8(a)(2) and 10(b).

*Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313 (11th Cir. 2015). It is unclear therefore which rule Defendant is seeking its relief under.

To the extent that Defendant is arguing pursuant to Rules 8(a)(2) and 10(b), the 11th Circuit in *Weiland* highlights that there a heavy burden to dismiss pursuant to Rules 8(a)(2) and 10(b), and it is "appropriate where "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1325 (11th Cir. 2015) (internal citations omitted). The 11th Circuit while analyzing whether the complaint violated either Rule 8(2) or 10(b) found the complaint at issue there to be properly pled and concluded that the district court abused its discretion in dismissing the complaint. *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1326 (11th Cir. 2015).

Defendant's arguments here fall well-short of the heavy burden envisioned by the Eleventh Circuit for dismissal under Rules 8(a)(2) and 10(b). Moreover, in *Weiland* the issue before the Court was "shotgun pleading" and the incorporation of general allegations into each count. Which the Court in *Weiland* found to be proper. *Weiland*, 792 F.3d 1313, 1326. Therefore, to the extent that *Weiland* is applicable here, it supports Plaintiff's position. The general allegations in paragraphs 29 through 35 are analogous to the general allegations in *Weiland*, although here unlike in *Weiland* the general allegations at issue are not incorporated into each count.

It is also unclear to Plaintiff why Defendant believes that Plaintiff is seeking an injunction compelling Defendant to alter common areas not in its control. Defendant itself acknowledges that Plaintiff pled in paragraph 22 of the Complaint that the Defendant landlord, BIRD THIRTEEN, LLC was liable for all the violations in the Complaint. [D.E. 16, ¶ 21]. In the proceeding paragraph in Plaintiff's Complaint, Plaintiff clearly and unambiguously pleads that Defendant UPATA is responsible for the allegations in Count II of the Complaint and makes no mention of any other

liability. [D.E. 1, ¶ 20]. Defendant fails to identify anywhere in the Complaint or any paragraph that supports a reading that Defendant UPATA is liable for the violations in Count I, in fact a plain reading of the Complaint shows the exact opposite. Defendant itself acknowledges that the exterior and common area barriers were plead only and exclusively in Count I, which is not directed at Defendant UPATA.

Finally, Defendant itself acknowledges that allegations as to the "exterior areas, including the walkways and paths of travel of the Commercial Property" are only present in Count I which is solely against Defendant BIRD THIRTEEN, LLC. A Defendant that settled its claims with Plaintiff, via a settlement that Defendant even acknowledges in its same filing. [D.E. 16, ¶ 2]. Accordingly, the claims as to BIRD THIRTEEN, LLC are no longer even at issue in this litigation, mooting Defendant's alleged concerns.

Therefore, it is unclear how Defendant came to the unfounded conclusion that Plaintiff is seeking any relief against Defendant regarding areas outside of Count II, the only count directed at Defendant.

**D. Defendant's Request for a More Definite Statement**

i. Standard on Rule 12(e) Motion for a More Definite Statement

In discussing the standard applicable to motions for a more definite statement, this District previously found that "[s]uch a motion "is intended to provide a remedy for an unintelligible pleading, rather than a vehicle for obtaining greater detail." *Ronin Factory, LLC v. Import Global, LLC*, No. 24-24700 RNS (S.D. Fla. February 27, 2025 (*citing Euro RSCG Direct Response, LLC v. Green Bullion Fin. Servs.*, 872 F. Supp. 2d 1353, 1358 (S.D. Fla. 2012). "[F]ederal courts generally disfavor motions for a more definite statement." *Id.* "Accordingly, allegations that are

"unclear due to lack of specificity are more appropriately clarified by discovery rather than by an order for a more definite statement." *Id.* “And a 12(e) motion "will only be granted if the pleading is so vague or ambiguous that the opposing party cannot respond in good faith or without prejudice to himself." *Philips et al. v. Sitras et al.*, No. 24-CV-80760 RLR (S.D. Fla. July 3, 2025).

ii. Argument

It appears that Defendant misunderstands the applicable standard on Rule 12(e) motions. A motion for a more definite statement is not a motion to seek additional details, as Defendant is seeking here. Instead, it should be directed at a pleading that “is so vague or ambiguous that the opposing party cannot respond in good faith or without prejudice.” *Id.* Defendant’s motion lacks any legal support for its positions and simply summarily requests additional details. Therefore, the motion fails at the outset and must be denied.

In the interest of brevity, Plaintiff will not delve deeply into issues discussed in the preceding sections, but does incorporate the same arguments here.

As discussed *supra*, there is no requirement under Rule 8 that a Plaintiff provide hyper specific pleading, moreover without the opportunity to conduct discovery Plaintiff cannot possibly identify “each policy, practice, or procedure of UPATA that Plaintiff challenges.” As far as Plaintiff can ascertain from Defendant’s public filings on the Secretary of State and publicly available information on its website, Defendant does not publish its internal policies and procedures. Defendant seeks to expand the requirements contemplated under Rule 8 but in this section provides no legal support for its request. Therefore, the request for a more definite statement must be denied on this basis.

Regarding the auxiliary aid or service, Plaintiff details above how he does not request any relief as to any auxiliary aid or service. Plaintiff does not claim to even have encountered any barrier that would require an auxiliary aid or service for communication. The sole mention of any "auxiliary aid or service" is in listing general ADA requirements for businesses, not seeking any such relief. The plain reading of Plaintiff's Complaint demonstrates that Plaintiff is not requesting any relief as to "auxiliary aid or service." Therefore, the request for a more definite statement must be denied on this basis.

As to the relief sought against Defendant UPATA, the paragraphs at issue are not Plaintiff's prayer for relief, in fact the section with the contested paragraphs at issue is titled "relief sought and the basis." Plaintiff's prayer for relief/wherefore clause is found at the very end of the Complaint, after paragraph 35. Defendant largely centers its arguments on paragraph 35 of Plaintiff's Complaint claiming that Plaintiff is requesting relief in that paragraph, when clearly that is not the case and a plain reading demonstrates that Plaintiff is discussing the Court's authority and the basis of that authority. There is nothing so vague or ambiguous here that would merit a Rule 12(e) motion for a more definite statement.

Finally, Defendant raises in this section an issue as to the address listed in the Complaint. All the addresses listed in the Complaint correspond to the same parcel defined in the Complaint as the "Commercial Property." The different addresses are listed in the Complaint precisely to avoid any confusion as to which area of the property is attributable to each Defendant.

Defendant previously cited paragraphs 4 and 20 of Plaintiff's Complaint for this alleged inconsistency. [D.E. 16, ¶ 7]. Paragraph 4 of Plaintiff's Complaint states the address of the commercial property as defined in the Complaint, and identifies that Defendant BIRD THIRTEEN, LLC owns and operates the shopping center property located at 14491 SW 42nd St., Miami, FL

33175. [D.E. 1, ¶ 4]. Paragraph 20 of Plaintiff's Complaint states in relevant part: "The place of public accommodation where Defendants, BIRD THIRTEEN, LLC and UPATA RESTAURANT GROUP LLC, own, control and operate are the Commercial Property, and Business named herein as a Defendant, located at 14491 SW 42nd St., Miami, FL 33175." Here, Plaintiff clearly distinguishes between the commercial property (as defined in the Complaint) and the business located therein (Defendant UPATA's restaurant) and notes that both are located within the same commercial shopping plaza. It should not be confusing to Defendant UPATA that its business is located within a broader commercial property whose address is 14491 SW 42nd St., Miami, FL 33175. In prior allegations Plaintiff clearly and unambiguous identified that the specific address for its business is 14429 SW 42nd St., Miami, FL 33175. [D.E. 1, ¶ 6]. Moreover, Defendant's motion does not articulate why Defendant finds this particular allegation so vague it cannot respond. It is clear that Defendant's motion fails on this theory as well and must be denied.

## CONCLUSION

For the foregoing reasons Defendant's motion to dismiss, motion to strike and motion for a more definite statement must be denied and Defendant must be ordered to file an answer to Plaintiff's Complaint.

Respectfully submitted this November 25, 2026.

**GARCIA-MENOCAL, P.L.**
*Attorneys for Plaintiff*
350 Sevilla Avenue, Suite 200
Coral Gables, FL 33134
Telephone: (305) 553-3464
Primary E-Mail: aquezada@lawgmp.com
Secondary E-Mail: legalassistant@lawgmp.com

By: ___*/s/_Alfredo Garcia-Menocal_*
ALFREDO GARCIA-MENOCAL
Florida Bar No.: 533610

**THE LAW OFFICE OF RAMON J. DIEGO, P.A.**
*Attorneys for Plaintiff*
5001 SW 74th Court, Suite 103
Miami, FL, 33155
Telephone: (305) 350-3103
Primary E-Mail: rdiego@lawgmp.com
Secondary E-Mail: ramon@rjdiegolaw.com

By: ___*/s/_Ramon J. Diego*______
RAMON J. DIEGO
Florida Bar No.: 689203

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this November 25, 2026, the foregoing document is being served on all counsel of record via CM/ECF.

By: ___*/s/_Alfredo Garcia-Menocal*_
ALFREDO GARCIA-MENOCAL